J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
**ALVERSON TAYLOR & SANDERS**
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Defendants
Old Dominion Freight Line and
Jeanette Montgomery

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTORIA WORLEY,<br><br>                    Plaintiff,<br><br>v.<br><br>JEANETTE MONTGOMERY, individually; OLD DOMINION FREIGHT LINE, INC., DOES I through X, inclusive; and ROE CORPORATIONS I through XX inclusive,<br><br>                    Defendants. | CASE NO:<br><br>**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S NOTICE OF REMOVAL** |

TO:     DEBRA KEMPI, Clerk, United States District Court for the District of Nevada

PLEASE TAKE NOTICE that Defendant OLD DOMINION FREIGHT LINE, INC. hereby removes to this Court the state court action entitled "VICTORIA WORLEY, Plaintiff v. JEANETTE MONTGOMERY, individually; OLD DOMINION FREIGHT LINE, INC.; DOES I through X, inclusive; and ROE CORPORATIONS I through XX, inclusive," Case No. A-21-834719-C filed in the Eighth Judicial District Court for Clark County, Nevada. A copy of the Complaint is attached hereto as Exhibit A.  The grounds for removal are:

1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §§ 1441(a)-(c), in that it is a civil action between Plaintiff, a citizen of Idaho, Defendants who are citizens of diverse residency, none of which reside in Idaho, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

2. Based upon information and belief, Plaintiff VICTORIA WORLEY is a citizen of the State of Idaho. *See* Complaint ¶ 1.

3. Defendant JEANETTE MONTGOMERY is a resident of the State of Nevada. *See* Complaint ¶ 2.

4. Defendant OLD DOMINION FREIGHT LINE, INC. is a corporation incorporated in Virginia, with its principal place of business in Thomasville, North Carolina.

5. The Defendants sued as DOES I through X, inclusive and ROE CORPORATIONS I through XX, inclusive, are fictitious parties and not relevant to the determination of subject matter jurisdiction. *See* 28 U.S.C. § 1441(a) (stating "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

9. Based upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Upon information and belief, Plaintiff VICTORIA WORLEY was transported to St. Alphonsus Regional Medical Center in Boise, Idaho, following the motor vehicle collision that is the subject of Plaintiff's Complaint. Upon information and belief, Plaintiff continued to seek medical treatment for injuries allegedly sustained in the collision after being discharged from St. Alphonsus Regional Medical Center. It is therefore expected that Plaintiff's medical damages and the amount in controversy exceeds the jurisdictional requirement. Plaintiff alleges "personal injuries." See Complaint ¶ 26, 33 and 45.

. . .

KNW 27233

10. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a)-(b) and Local Rule 8-1. This action was originally filed in the Eighth Judicial District for the State of Nevada, Clark County.

11. This notice of removal is timely filed within thirty (30) days after receipt of the paper that makes this case removable as required by 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days of the Summons and Complaint which was filed on May 17, 2021, and served upon Defendant Old Dominion Freight Line, Inc. on May 19, 2021. Upon information and belief, Defendant Jeanette Montgomery has not been served with the Summons and Complaint.

12. Pursuant to 28 U.S.C. 1446(d), Defendant has prepared and will file with the Clerk of the Eighth Judicial District Court a Notice of Removed Action.

Dated this 28th day of May 2021.

ALVERSON TAYLOR & SANDERS

/s/ Karie N. Wilson

J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Defendants
Old Dominion Freight Line and
Jeanette Montgomery

3

KNW 27233

## CERTIFICATE OF ELECTRONIC SERVICE

I certify that on the 28th day of May, 2021, service of the above and foregoing **DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S NOTICE OF REMOVAL** was made by electronically filing a true and correct copy of the same to each party addressed as follows:

Eric W. Hinckley, Esq.
Nevada Bar No. 12398
Eric_h@lowelawgroup.com
LOWE LAW GROUP
6671 Las Vegas Blvd
Suite 210
Las Vegas, Nevada 89119
702-639-7846 Telephone
801-917-8484 Facsimile
*Attorneys for Plaintiff*

_____
Employee of ALVERSON TAYLOR & SANDERS

k:\z-client\27233\pleadings\notc removal.docx

**ALVERSON TAYLOR & SANDERS**
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

KNW 27233

# EXHIBIT A

Electronically Filed
5/17/2021 11:55 AM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
**LOWE LAW GROUP**
ERIC W. HINCKLEY, ESQ.
Nevada Bar #12398
6671 Las Vegas Blvd., Suite 210
Las Vegas, NV 89119
(702) 639-7846
(801) 917-8484 fax
Attorney for Plaintiff
Eric_h@lowelawgroup.com

CASE NO: A-21-834719-C
Department 23

DISTRICT COURT
CLARK COUNTY, NEVADA

-*-

| | |
|---|---|
| VICTORIA WORLEY, | Case No.: |
| Plaintiff, | Dept. No. |
| vs. | |
| JEANETTE MONTGOMERY, individually; OLD DOMINION FREIGHT LINE, INC., DOES I through X, inclusive; and ROE CORPORATIONS I through XX, inclusive, | **ARBITRATION EXEMPTION CLAIMED: AMOUNT IN EXCESS OF $50,000.00** |
| Defendants. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, Victoria Worley, by and through her attorney, Eric Hinckley, of the Lowe Law Group, and hereby complains against Defendants, and for her causes of action, alleges as follows:

**THE PARTIES**

1. At all times relevant hereto, Plaintiff VICTORIA WORLEY was a resident of Bonneville County, State of Idaho.

2. At all times relevant hereto, Defendant JEANETTE MONTGOMERY was a resident of Clark County, State of Nevada.

1

3. At the time of the collision, Defendant Montgomery was operating the Old Dominion Freight Lines, Inc. semi-truck under the authority of a Commercial Driver's License issued by the State of Nevada based upon her representations to the Nevada Department of Motor Vehicles, under oath, that she was a resident of Nevada as that term is defined in NRS 483.141.

4. Upon information and belief, Defendant OLD DOMINION FREIGHT LINES, INC. (hereinafter "Old Dominion") is a Virginia corporation doing business in Clark County, State of Nevada.

5. At all material times, Defendant Old Dominion was the owner and operator of the subject semi-truck and trailer involved in the collision.

6. At all material times, Defendant Old Dominion employed Defendant Montgomery and verified and authorized her employment as a commercial truck driver based upon the Commercial Driver's License she was issued by the State of Nevada.

7. At all material times, Defendant Montgomery was operating the semi-truck and trailer involved in the collision for the benefit of and in the course of the scope of her employment with Defendant Old Dominion at its direction and with its consent and authority.

8. At all material times, Defendant Old Dominion has had substantial commercial contacts with the State of Nevada such that Nevada courts have general personal jurisdiction over it.

9. By hiring a driver who was only authorized to operate a commercial vehicle under the authority of a Commercial Driver's License issued by the State of Nevada, Defendant Old Dominion submitted itself to specific personal jurisdiction in Nevada courts for all claims arising out of the negligent, reckless and/or unlawful acts and omissions of said driver that were committed in the course and scope of her employment with it as a commercial driver.

10. That the true names and capacities, whether individual, corporate, associate or

2

otherwise, of the Defendants designated as Does I through X are unknown to Plaintiff at this time who therefore sue said Defendants by fictitious names. Plaintiff alleges that each named Defendant herein designated as Doe is negligently, willfully, contractually or otherwise legally responsible for the events and happenings herein referred to and proximately caused injury and damages to Plaintiff as herein alleged. Plaintiff will seek leave of Court to amend this Complaint to insert the true names and capacities of such Defendants when same have been ascertained and will further seek leave to join said Defendants in these proceedings.

11. That the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants designated as Roe Corporations I through XX are unknown to Plaintiff at this time who therefore sue said Defendants by fictitious names. Plaintiff alleges that each named Defendant herein designated as Roe Corporation is negligently, willfully, contractually or otherwise legally responsible for the events and happenings herein referred to and proximately caused injury and damages to Plaintiff as herein alleged. Plaintiff will seek leave of Court to amend this Complaint to insert the true names and capacities of such Defendants when same have been ascertained and will further seek leave to join said Defendants in these proceedings.

**VENUE AND JURISDICTION**

12. This Court has subject matter jurisdiction.

13. This Court has personal jurisdiction over Defendant Montgomery.

14. This Court has personal jurisdiction over Defendant Old Dominion.

15. Venue is proper in Eighth Judicial District Court, Clark County, Nevada.

**GENERAL ALLEGATIONS**

16. On or around April 8, 2021, OLD DOMINION directed its employee, Jeanette Montgomery, to transport its semi-truck including enclosed/attached cargo along Interstate 84

3

between Mountain Home, Idaho and Boise, Idaho.

17. At or around the same time, Victoria Worley (hereinafter "Ms. Worley") was a passenger in a vehicle (hereinafter "Gray vehicle") being driven westbound on Interstate 84.

18. As Defendant Montgomery approached milepost 60 on Interstate 84, Defendant Montgomery lost control of the Old Dominion semi-truck and trailer causing it to leave the roadway and tipping onto its side before coming back into the travel lanes on Interstate 84 causing a high-speed collision between the Old Dominion semi-truck and the Gray vehicle.

19. As an operator of a commercial fleet of trucks and as Defendant Montgomery's employer, Defendant Old Dominion reviewed documents that authorized Defendant Montgomery to operate its semi-truck and trailer and knew that Defendant Montgomery was a Nevada resident and knew that she was only authorized to operate a commercial vehicle under the authority of a Commercial Driver's License that was issued by the State of Nevada.

20. Plaintiff did not negligently cause or contribute to the collision.

21. Plaintiff suffered both economic and non-economic damages as a result of the high-speed collision in amounts to be proven at trial.

**FIRST CAUSE OF ACTION**
(NEGLIGENCE AGAINST JEANETTE MONTGOMERY)

22. Plaintiff hereby incorporates the foregoing Paragraphs as though fully set forth herein.

23. At the time of the collision, Defendant Montgomery was a commercial truck driver licensed to operate commercial vehicles solely under the authority of the laws of the State of Nevada pursuant to Driver's License number 1505817827.

24. Defendant Montgomery owed a duty of care to other drivers on the highway to operate the Old Dominion semi-truck in a safe manner and in accordance with all applicable laws.

25. Defendant Montgomery breached her duty of care by her negligent and careless

4

failure to operate the Old Dominion semi-truck in a safe and lawful manner as described above.

26. As a direct and proximate result of the conduct of Defendant Montgomery described hereinabove, Ms. Worley suffered personal injuries and Plaintiff has sustained damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

27. As a result of the conduct of Defendant Montgomery, Plaintiff has been required to retain the services of the attorney, and, as direct, natural and foreseeable consequences thereof, has been damaged thereby and is entitled to reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION
(NEGLIGENCE PER SE AGAINST JEANETTE MONTGOMERY)

28. Plaintiff hereby incorporates the foregoing Paragraphs as though fully set forth herein.

29. Plaintiff is informed and believes, and based thereon, alleges that Defendant Montgomery was subject to laws and safety regulations pertaining to vehicle safety and maintenance as set forth above, and further, that such laws and regulations were intended to preserve life and prevent bodily injury to persons traveling on the public U.S. roadways by ensuring the proper and timely upkeep and maintenance of vehicles traveling on those public U.S. roadways.

30. Plaintiff is informed and believes and, based thereon, alleges that she is a member of a class (persons traveling on public U.S. roadways) for whose benefit those laws and safety regulations were passed.

31. Plaintiff is informed and believes and, based thereon, alleges that Defendant Montgomery violated one or more laws and regulations and breached her duties of care that were owed to the Plaintiff, as set forth above.

32. Plaintiff is informed and believes and, based thereon, alleges that the Plaintiff suffered the same type of harm that the laws and regulations were intended to prevent resulting in

without limitation, physical, emotional and financial harm, as set forth above, from the conduct of Defendant Montgomery, which was a substantial factor in causing that harm.

33. As a direct and proximate result of the conduct of Defendant Montgomery described hereinabove, Ms. Worley suffered personal injuries and Plaintiff has sustained damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

**THIRD CAUSE OF ACTION**
(VICARIOUS LIABILITY/RESPONDEAT SUPERIOR AGAINST OLD DOMINION)

34. Plaintiff hereby incorporates the foregoing Paragraphs as though fully set forth herein.

35. At all relevant times, Defendant Montgomery was acting within the course and scope of her employment with OLD DOMINION.

36. Defendant, OLD DOMINION, as the employer of Defendant Montgomery is liable under the doctrine of respondeat superior for all conduct and liability of Defendant Montgomery.

**FOURTH CAUSE OF ACTION**
(NEGLIGENT HIRING/RETENTION/ENTRUSTMENT/TRAINING/SUPERVISION AGAINST OLD DOMINION)

37. Plaintiff hereby incorporates the foregoing Paragraphs as though fully set forth herein.

38. The semi-truck and trailer involved in the collision were owned and operated by Old Dominion under US DOT number 090849.

39. Defendant Old Dominion is responsible for the acts and omissions of its driver, Defendant Montgomery who was operating its semi-truck and trailer within the course and scope of her employment with Old Dominion at the time of the collision and at the direction and authority of Old Dominion.

40. At all relevant times, Defendant Old Dominion was subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations

(FMCSR) (49 CFR Sections 301-309).

41. Defendant Old Dominion was required to review and verify that Defendant Montgomery had a valid Commercial Driver's License. Upon information and belief, Defendant Old Dominion did verify and knew that Defendant Montgomery's Commercial Driver's License was issued by the State of Nevada and allowed her to operate its semi-truck and trailer pursuant to the State of Nevada Commercial Driver's License issued.

42. Defendant Old Dominion was also required to teach and to train Defendant Montgomery so that she was able to obey the rules and regulations contained in the FMCSR.

43. Defendant Old Dominion's tortious acts and failures include, but are not limited to, the following:

    a. Hiring Defendant Montgomery as a commercial driver;

    b. Failing to properly supervise Defendant Montgomery;

    c. Failing to properly train Defendant Montgomery;

    d. Entrusting Defendant Montgomery with commercial vehicles;

    e. Retaining Defendant Montgomery as a commercial driver; and

    f. Failing to conduct proper, thorough and required checks on the background and qualifications of Defendant Montgomery.

44. Defendant Old Dominion had a duty to promulgate and enforce rules and regulations to ensure that its drivers were reasonable and safe, and it negligently failed to do so.

45. As a direct and proximate result of the conduct of Defendant OLD DOMINION described hereinabove, Ms. Worley suffered personal injuries and Plaintiff has sustained damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

WHEREFORE, Plaintiff prays as follows:

1. For compensatory damages to Plaintiff in an amount in excess of FIFTEEN

7

THOUSAND DOLLARS ($15,000.00);

2. For special damages to Plaintiff in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

3. For judgment for interest;

4. For attorney's fees and costs of suit incurred herein; and

5. For such other and further relief as may be just and reasonable in the premises.

DATED this 17th day of May, 2021.

**LOWE LAW GROUP**

Eric Hinckley
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by and through her attorney of record, Eric Hinckley of the Lowe Law Group, hereby demands a jury trial of all of the issues in the above matter.

DATED this 17th day of May, 2021.

**LOWE LAW GROUP**

Eric Hinckley
Attorney for Plaintiff

8