UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTORIA WORLEY, | Case No. 2:21-CV-1024 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| JEANETTE MONTGOMERY, et al., | |
| Defendant(s). | |

Presently before the court is defendant Old Dominion Freight Line, Inc.'s ("Old Dominion") motion to change venue. (ECF No. 5). Plaintiff Victoria Worley responded in opposition (ECF No. 12) to which Old Dominion replied (EFC No. 14).

Also before the court is Worley's motion to remand. (ECF No. 8). Old Dominion responded in opposition (ECF No. 13) to which Worley replied (ECF No. 15).

I.  **BACKGROUND**

This is a personal injury case involving a high-speed collision with a semi-truck. (ECF No. 5 at 2). Old Dominion employee Jeanette Montgomery was transporting cargo in a semi-truck on Interstate 84 in Idaho. (Compl., ECF No. 1 ¶ 16). Worley was a passenger in a Chrysler 300 traveling on the same interstate when Montgomery lost control of the semi-truck. (*Id*. ¶ 17). The truck veered off the road, tipped onto its side, and slide back onto the interstate, causing a high-speed collision with Worley's car. (*Id*. ¶ 18). Montgomery has a Nevada commercial driver's license which establishes her Nevada citizenship. (*Id*. ¶ 19). Old Dominion is a resident of Virginia and has its principal place of business in North Carolina. (Removal Statement, ECF No. 3 ¶ 2; *see also* ECF No. 1 ¶ 1). Worley is a resident of Idaho. (ECF No. 1 ¶ 1).

**James C. Mahan**
**U.S. District Judge**

Worley attempted to serve Montgomery four times. (ECF No. 8 at 2; *see also* Affidavit of Nonservice, ECF No. 8-1). After Worley served Old Dominion, it removed this case before Montgomery accepted service. (ECF No. 1; *see also* Statement of Removal, ECF No. 3 at 1). Worley now moves to remand, citing the forum defendant rule in 28 U.S.C. § 1441(b)(2). (ECF No. 8 at 3–4). Old Dominion moves to change venue to the District of Idaho. (ECF No. 5).

## II.     LEGAL STANDARD

28 U.S.C. § 1404(a) permits the court to "transfer any civil action to any other district or division where it might have been brought . . . ." The statute gives the court the discretion to transfer venue based on case-by-case considerations of convenience and fairness. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The factors the court considers include:

(1) the location where the relevant agreements were negotiated and executed;

(2) the state that is most familiar with the governing law;

(3) the plaintiff's choice of forum;

(4) the respective parties' contacts with the forum;

(5) the contacts relating to the plaintiff's cause of action in the chosen forum;

(6) the differences in the costs of litigation in the two forums;

(7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and

(8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99. The plaintiff's choice of forum is entitled to considerable weight, *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), and the defendant must make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. DISCUSSION

The court will decide Old Dominion's first-filed motion to change venue (ECF No. 5) before Worley's motion to remand (ECF No. 8).[1] Worley argues that although Montgomery was not served at removal, she is nonetheless a forum defendant and Old Dominion's removal violated the forum defendant rule. (ECF No. 5). The forum defendant rule is not jurisdictional but rather a "waivable procedural rule." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 9356 (9th Cir. 2006); *cf. CMM-CM, LLC v. VCON, INC.*, No. 2:21-cv-542-JCM-VCF, 2021 WL 3017520, at *2 (D. Nev. June 23, 2021) (deciding a motion to remand *before* a motion to compel arbitration because the remand motion argued lack of diversity jurisdiction).

Worley relies on Nevada Supreme Court caselaw on forum non conveniens to oppose a transfer of venue. (ECF No. 12 at 3–5 (citing *Eaton v. Second Jud. Dist. Ct., In & For Washoe Cty., Dep't No. 7*, 616 P.2d 400 (1980) and *State ex rel. Swisco, Inc. v. Second Jud. Dist. Ct. In & For Washoe Cty. Dep't No. 3*, 385 P.2d 772 (1963))). The caselaw does not mention 28 U.S.C. § 1404 ostensibly because the Nevada Supreme Court does not decide federal procedural matters. Consequently, Worley's opposition does not apply the *Jones* factors the court is obligated to balance.

The threshold question on a motion to transfer venue is whether this case could have originally been brought in the District of Idaho. Under the venue statute, a case can be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). The collision at issue occurred in Idaho

---

[1] If the court decided Worley's motion to remand first, it would deny the motion. The court has weighed in on the jurisdictional gamesmanship of snap removal. The court has reasoned that snap removal is improper because the word "any" in "any parties in interest properly joined and served" necessarily means that § 1441(b)(2) assumes *at least* one defendant has been served. *Deutsche Bank Nat'l Tr. Co. v. Fid. Nat'l Title Grp., Inc.*, No. 2:21-cv-297-JCM-EJY, 2021 WL 1886295, at *3 (D. Nev. May 10, 2021). Old Dominion was served (ECF No. 8 at 2) which suggests that the forum defendant rule does not bar its removal, at least based on the removal statute's plain text. *But see Deutsche Bank Nat'l Tr. Co. v. Old Republic Title Ins. Grp., Inc.*, No. 3:20-cv-00535-MMD-CLB, 2021 WL 1254352, at *5 (D. Nev. Apr. 2, 2021) (comprehensively discussing the public policy reasons why snap removal is improper).

so the threshold question is met and the court now turns to the *Jones* factors. *Jones*, 211 F.3d at 498–99.

Old Dominion correctly points out that Idaho is the state most familiar with the governing Idaho law which this court would have to apply under Nevada's choice-of-law rules. (ECF No. 5 at 6). Worley argues that this is a simple negligence case and Old Dominion "does not even bother to identify a single material difference" between Nevada and Idaho tort law. (ECF No. 12 at 8-9). This is unpersuasive as the Ninth Circuit uses the term "*most* familiar with the governing law." *Jones*, 211 F.3d at 498–99 (emphasis added). The court is certainly capable of interpreting Idaho law, but the District Court of Idaho is *most* familiar with the governing law.

Next, Worley chose to sue in Nevada and her choice receives considerable deference. (ECF No. 12 at 5); *see also Lou*, 834 F.2d at 739. However, the deference is minimized "if the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter." *Lou*, 834 F.2d at 739 (citing *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir.1968)). Furthermore, Worley is not a resident of Nevada which further minimizes deference. *Miracle Blade, LLC. v. Ebrands Com. Grp., LLC.*, 207 F. Supp. 2d 1136, 1155 (D. Nev. 2002); *Weyerhaeuser NR Co. v. Robert Bosch Tool Corp.*, No. 2:11-cv-01793-JCM, 2012 WL 366967, at *3 (D. Nev. Feb. 3, 2012). Worley's forum choice carries little weight.

As to contacts with the forum, Montgomery's contact with Nevada is her Nevada commercial driver's license; Worley's contact with Nevada is less clear. (ECF No. 12 at 2). Worley does not describe her contacts with Nevada, arguing only that Old Dominion fails to show "exceptional circumstances" that can overcome her forum choice. (*Id.* at 5, 9–10 (quoting *Eaton*, 616 P.2d at 421–22)). Moreover, Old Dominion's contacts with Nevada are employing Montgomery, a Nevada resident, but whether it conducts business or owns facilities in the state is unknown. (*Id.* at 6–7). Accordingly, the only contact between this case and Nevada is Montgomery's driver's license. In contrast, Worley's contact with Idaho

James C. Mahan
U.S. District Judge

- 4 -

1 is her residency *and the collision itself*. (ECF No. 5 at 3). The forum contacts factor strongly favors transfer.

Next, the litigation costs in both forums are comparable. For example, Worley admits that "the cost of . . . depositions will be the same" in Nevada and Idaho. (ECF No. 12 at 7). Worley then argues that the ability to compel witness depositions for trial is also similar in both venues. (*Id*. at 7). To start, the court prefers "live testimony as opposed to trial by deposition." *Wells Fargo Bank, N.A. v. LaSalle Bank Nat'l Ass'n*, No. 2:08-cv-1448-JCM-RJJ, 2011 WL 13248287, at *2 (D. Nev. Sept. 28, 2011). And Old Dominion retorts that under Rule 45, "a party cannot serve a subpoena on a non-party witness outside 100 miles of the district in which the court sits." (ECF No. 14 at 5). Old Dominion provides a list of potential non-party witnesses that all reside in Idaho. (*Id.* (Exhibit A)). Lastly, although not a weighty consideration, evidence and witnesses are easier to access in Idaho. (*Id.* at 4). Old Dominion attaches a list of Worley's medical providers, all of which are in Idaho. (*Id.* (Exhibit A)). In sum, the *Jones* factors favor transferring this case to the District of Idaho.

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Old Dominion's motion to change venue (ECF No. 5) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Worley's motion to remand (ECF No. 8) be, and the same hereby is, DENIED as moot.

The clerk shall TRANSFER this case to the United States District Court for the District of Idaho.

DATED August 5, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -